E-FILED
Friday, 21 June, 2019 10:05:47 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVEN D. FRENO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 19-cv-1058 |
| ) | |
| STEVE KALLIS, Warden, ) | |
| ) | |
| Respondent. ) | |

# ORDER AND OPINION

The matter presently before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). For the reasons set forth below, Petitioner's § 2241 Petition is DENIED.

## BACKGROUND

Freno is currently incarcerated at the Federal Correctional Complex in Florence, Colorado. However, at the time of filing his petition, he was incarcerated at the Federal Correctional Institution in Pekin, Illinois. He is serving a 24-month imprisonment sentence imposed by the United States District Court for the Northern District of Iowa following the revocation of his supervised release on September 21, 2017. *United States v. Freno,* Case No. 14-CR-104-1, d/e 81 (N.D. Iowa), Resp. Ex. 2 (Doc. 3-2). The court imposed a 1 year term of supervised release to follow his imprisonment sentence. One of the conditions of his supervised release provides that:

> Immediately following release from custody, the defendant must reside in a Residential Reentry Center for a period of 120 days. This placement will be in the community corrections component with work release privileges. While a resident of the Residential Reentry Center, the defendant must abide by all rules and regulations of the facility. The defendant must report to the Residential Reentry Center at a time and date to be determined by the Bureau of Prisons, the Residential Reentry Center, and the United States Probations Office.

*Id.* at 5. His current projected release date is August 4, 2019. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited on June 18, 2019).

On June 8, 2018, Freno's Unit Team at FCI Pekin submitted an Institutional Referral for Residential Re-entry Center ("RRC") Placement, recommending that his RRC placement begin on the date he was scheduled to be released. Resp. Ex. 1 at ¶ 6, Attach. 2 (Doc 3-1). The listed reason for recommended RRC placement was that "Per Freno's Special Conditions of Supervision, immediately following release from custody, he must reside in a RRC for a period of 120 days, therefore, a May 29, 2019 date is requested."[1] *Id.*

The parties agree that Freno adequately pursued his administrative remedies within the Bureau of Prisons ("BOP") to challenge this designation. In February 2019, Freno filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), arguing the BOP has erred in its application of the Second Chance Act, 18 U.S.C. § 3624(c). He argues he is entitled to a longer placement in an RRC than was ordered by the sentencing court and requests that the Court order the BOP to provide him with RRC placement prior to his release from BOP custody.

Respondent filed his response on April 9, 2019 (Doc. 3), arguing that RRC placement is soundly within the discretion of the BOP and, therefore, Freno is not entitled to relied. Freno has not filed a timely reply. This Order follows.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994). The

---

[1] Respondent notes that at the time of this request, May 29, 2019, was Freno's projected release date. Resp. at 2 (Doc. 3).

writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Respondent notes that there is disagreement among the district courts in the Seventh Circuit as to whether RRC placement challenges can be brought under § 2241, or whether they instead should be brought under the Administrative Procedure Act or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Perry v. Krueger*, No. 15-1298, 2015 WL 6500915, at *1 (C.D. Ill. Oct. 27, 2015) (collecting cases). Respondent has assumed *arguendo* that Freno may proceed under § 2241 and the Court will do the same. However, even assuming *arguendo* that the petition may proceed under § 2241, Freno is not entitled to relief.

Freno has not shown he has any entitlement to any particular length of time in an RRC. The BOP has broad discretion in determining the place of a prisoner's incarceration. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Under the Second Chance Act, 18 U.S.C. § 3624(c), the BOP has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.; see also,* 28 C.F.R. § 570.21(a); 28 C.F.R. § 570.22. The statute also requires that determinations be made on an individual basis and "conducted in a manner consistent with section 3621(b)." 18 U.S.C. 3624(c)(6). Section 3621(b) specifies the relevant factors to be considered: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that

imposed the sentence concerning the purposes for which the sentence was determined to be warranted or recommending a specific type of facility; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b). These statutory provisions are echoed in the BOP's promulgated rules set forth at 28 CFR §§ 570.20–21.

The language of the statute clearly establishes that inmates are not entitled to placement in a community correctional facility, or RRC, for any specified length of time. Section 3624(c) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term under conditions that will allow him to prepare and adjust for reentry into the community. *Id.* The language is discretionary, and there is no requirement that the BOP place an inmate in community confinement at all. *See Pollard v. Sherrod*, No. 10-CV-143-DRH, 2010 WL 3184366, at *1 (S.D. Ill. Aug. 10, 2010) ("Courts consistently have held that § 3624(c) does not create a protected liberty interest, and thus does not guarantee placement into community confinement for any federal prisoner."); *De Rivas v. Entzel*, No. 2:18CV35, 2018 WL 4956531, at *5 (N.D.W. Va. Sept. 17, 2018), *report and recommendation adopted*, No. 2:18-CV-35, 2018 WL 4956114 (N.D.W. Va. Oct. 11, 2018) ("Viewed together, the statute and regulations require the BOP to consider placing and inmate in an RRC during a portion of the inmate's last months of a sentence. However, the statute and regulations fall short of requiring the BOP to actually place an inmate in an RRC."); s*ee also, Olim v. Waukinekona,* 461 U.S. 238, 245 (1983) (holding that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request).

Moreover, Freno has not argued that the BOP disregarded any relevant factors in making its assessment. Respondent notes that Freno has already accomplished two main objectives of RRC placement because his residence and employment are arranged. Resp. at 7 (Doc. 3). "If

imposed the sentence concerning the purposes for which the sentence was determined to be warranted or recommending a specific type of facility; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b). These statutory provisions are echoed in the BOP's promulgated rules set forth at 28 CFR §§ 570.20–21.

The language of the statute clearly establishes that inmates are not entitled to placement in a community correctional facility, or RRC, for any specified length of time. Section 3624(c) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term under conditions that will allow him to prepare and adjust for reentry into the community. *Id.* The language is discretionary, and there is no requirement that the BOP place an inmate in community confinement at all. *See Pollard v. Sherrod*, No. 10-CV-143-DRH, 2010 WL 3184366, at *1 (S.D. Ill. Aug. 10, 2010) ("Courts consistently have held that § 3624(c) does not create a protected liberty interest, and thus does not guarantee placement into community confinement for any federal prisoner."); *De Rivas v. Entzel*, No. 2:18CV35, 2018 WL 4956531, at *5 (N.D.W. Va. Sept. 17, 2018), *report and recommendation adopted*, No. 2:18-CV-35, 2018 WL 4956114 (N.D.W. Va. Oct. 11, 2018) ("Viewed together, the statute and regulations require the BOP to consider placing and inmate in an RRC during a portion of the inmate's last months of a sentence. However, the statute and regulations fall short of requiring the BOP to actually place an inmate in an RRC."); s*ee also, Olim v. Waukinekona,* 461 U.S. 238, 245 (1983) (holding that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request).

Moreover, Freno has not argued that the BOP disregarded any relevant factors in making its assessment. Respondent notes that Freno has already accomplished two main objectives of RRC placement because his residence and employment are arranged. Resp. at 7 (Doc. 3). "If

the [BOP] considers the relevant factors in making its determination, a challenge . . . could not succeed unless the plaintiff could show that the decision was arbitrary, capricious, or otherwise an abuse of discretion, a difficult standard for the plaintiff to meet." *Woods v. Wilson*, No. 09-CV-0749, 2009 WL 2579241, at *2 (N.D. Ill. Aug. 19, 2009) (*citing Tristano v. Fed. Bureau of Prisons*, No. 07-C-113-C, 2008 WL 3852699, at *1 (W.D. Wis. May 15, 2008)). It is not the role of this Court to conduct an independent review of the § 3621(b) factors and make a de novo determination as to Freno's placement in a halfway house. Rather, the BOP's decision is entitled to deference so long as it is not arbitrary, lacking any rational basis, or otherwise contrary to the requirements of the statute. Freno has not shown that the BOP's decision in his case implicates any of these concerns, and his disagreement with the outcome is insufficient. His request for relief pursuant to § 2241 must therefore be denied.

Signed on this 20th day of June 2019.

                *s/ Sara Darrow*
                Sara Darrow
                Chief United States District Judge